IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE CO. | : | |
| OF AMERICA, et. al, | : | No. 13-6900 |
| Defendants. | : | |

FILED
APR 18 2014
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## MEMORANDUM ORDER

TIMOTHY R. RICE  April 18, 2014
U.S. MAGISTRATE JUDGE

Plaintiff Jane Doe and Defendants Unum Life Insurance Company of America and West Pharmaceutical Services, Inc. (collectively "Defendants") seek judicial approval of a stipulation allowing Plaintiff to proceed anonymously based on a need to maintain confidentiality of her psychiatric condition.[1] Although restrictions that impede public access to court proceedings are disfavored, I will approve the request after balancing the public right of access with Plaintiff's need for confidentiality.

"[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (citation omitted); see Doe v. Pub.

---

[1] Doe did not file a motion to proceed anonymously, but her anonymous filing was uncontested and the issue was not addressed until I raised it. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 507, n.28 (M.D. Pa. 2007) ("We agree with the defendant that plaintiffs should have sought formal leave of the court to proceed anonymously. Such failure is not grounds to grant a procedural default to the defendant because we addressed this issue at a preliminary stage of the litigation and no prejudice has occurred to the defendant.") aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010) cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 131 S. Ct. 2958, 180 (2011) and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013); but see Freedom from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist., No. 2:12-CV-1319, 2012 WL 6629643, at *3 (W.D. Pa. Dec. 19, 2012) ("Where, as here, a litigant files an unopposed motion to proceed pseudonymously, that alone may not be sufficient justification to permit anonymous litigation, as the Court cannot weigh the factors by only looking to whether a defendant mutually consents.").

Citizen, No. 12-2209, 2014 WL 1465728, at *22 (4th Cir. Apr. 16, 2014) ("Pseudonymous litigation undermines the public's right of access to judicial proceedings."). As the United States Court of Appeals for the Third Circuit noted in Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994), a "troubling tendency accompanies the increasing frequency and scope of confidentiality agreements that are ordered by the court." Pansy, 23 F.3d at 785 (quoting City of Hartford v. Chase, 942 F.2d 130, 137-38 (2d Cir. 1991) (Pratt, J. concurring)). The Court reasoned that agreements reached by private parties often involve material and information "that is never even presented to the court." Id. (quoting City of Hartford v. Chase, 942 F.2d 130, 137-38 (2d Cir. 1991) (Pratt, J. concurring)). Judicial approval of private confidentiality agreements converts them into "a powerful means of maintaining and enforcing secrecy." Id. (quoting City of Hartford, 942 F.2d at 137-38 (Pratt, J. concurring)); Zurich American Ins. Co. v. Rite Aid Corp. 345 F. Supp. 2d 497, 504 (E.D. Pa. 2004) ("The court should not 'rubber stamp' any agreement among the parties to seal the record.") (citing Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)).

Federal Rule of Civil Procedure 10(a) requires a complaint to name all parties. Fed. R. Civ. P. 10(a). In exceptional cases, however, a party may be anonymous. Megless, 654 F.3d at 408. The circumstances of a case determine whether a pseudonym is justified, and have included cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." Id. (citing Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D Pa. 1990)); Doe v. Provident Life and Accident Ins. Co., 176 F.R.D. 464, 466 (E.D. Pa. 1997). A party must show "a fear of severe harm," and that the fear is reasonable. Megless, 654 F.3d at 408 (citation omitted).

I must determine whether plaintiff may proceed anonymously, using the non-exhaustive factors from Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997), in which the district court allowed a plaintiff, suffering from a psychiatric condition, to proceed anonymously. Megless, 654 F.3d at 410 (citing Provident Life, 176 F.R.D. at 468-69); New Kensington-Arnold Sch. Dist., 2012 WL 6629643, at *3. The factors weighing in favor of anonymity include: (1) the extent the litigant's identity has been kept confidential; (2) the basis on which disclosure is feared or avoided, and its substantiality; (3) the magnitude of the public interest in maintaining the litigant's confidentiality; (4) whether, due to purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; (5) "the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified;" and (6) whether the litigant has illegitimate ulterior motives. Megless, 654 F.3d at 409 (citing Provident Life, 176 F.R.D. at 467). The factors disfavoring anonymity are: (1) universal public interest in accessing a litigant's identity; (2) whether, due to subject matter, the litigant's status as a public figure or otherwise, weighs strongly towards knowing identity, beyond the public's interest; and (3) whether opposing counsel, the public, or the press is illegitimately motivated. Id.

Since the initiation of this lawsuit on November 27, 2013, Jane Doe's identity has been confidential. See Compl. (doc. 1) ¶ 4 ("'Jane Doe' is a pseudonym to avoid public disclosure of her psychiatric condition."). Both Doe and Defendants have "taken measures to maintain the confidentiality of Doe's identity and of her medical records, including records of counseling with a psychologist and treatment by a psychiatrist[.]" Stip. (attached as "Ex. A") ¶ 3. Doe contends she does not want her name disclosed due to her diagnosed psychiatric condition and the stigma attached to mental illness, particularly because she seeks to maintain employment

3

notwithstanding her diagnosis. Id. ¶¶ 1, 2; see also Provident Life, 176 F.R.D. at 468 ("Unfortunately, in our society, there is a significant stigma associated with being identified as suffering from a mental illness.").

The "public has an interest in preventing the stigmatization of litigants with mental illness[, and] plaintiff's identity should be protected in order to avoid deterring people with mental illness from suing to vindicate their rights." Provident Life, 176 F.R.D. at 468. It does not appear Doe has any illegitimate ulterior motive in remaining anonymous.

Although the public has a strong interest in open access to the courts, see In re Cedant Corp. v. Forbes, et al., 260 F.3d 183, 194 (3d Cir. 2001), the public will maintain access to the docket and any resolution of Doe's legal claims. See Lozano v. City of Hazleton, 496 F. Supp. 2d at 513 ("There is widespread public interest in this case, but that interest is focused not on the identities of the plaintiffs, but on the legal issues at the heart of the case."); Freedom From Religion Found., Inc. v. Connellsville Area Sch. Dist., No. 2:12-CV-1406, 2013 WL 2296075 (W.D. Pa. May 24, 2013) ("[T]he issue in this case does not turn on the identity of the Plaintiff, and the Court presently does not see how denying Plaintiffs' request will interfere with the public's right to follow the proceedings, which will be kept open to the public while maintaining the confidentiality of the Does' identities."). Additionally, both Doe and Defendants note that Doe is not a public figure and disclosure of her identity would not promote any public interest. Stip. ¶ 2.

Balancing the relevant factors, the public and private interests in allowing Doe to proceed anonymously outweigh the public interest's access to her identity in this case. See Provident Life, 176 F.R.D. at 470. I will allow Doe to proceed using a pseudonym.

BY THE COURT:

_____
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE,
Plaintiff

CIVIL ACTION

2:13-cv-06900-PD

vs.

UNUM LIFE INSURANCE COMPANY
OF AMERICA, et. al.

STIPULATION TO ALLOW PLAINTIFF TO PROCEED ANONYMOUSLY

Plaintiff, by her attorney, Doris J. Dabrowski, Defendant, Unum Life Insurance Company of America, by its attorney, E. Thomas Henefer, and Defendant, West Pharmaceutical Services, Inc., by its attorney, Joseph Kernen, stipulate and agree that Plaintiff may proceed anonymously in this action, subject to the approval of the Court.

Applying *Doe v. Megless*, 654 F. 3d 404 (3d Cir. 2011), Plaintiff avers that the following factors favor Plaintiff's anonymity in this case:

1. Plaintiff has been diagnosed with a psychiatric condition, which is the basis of Plaintiff's claim for additional long term disability benefits and for short term disability benefits from benefit plans administered and funded by private entities;

2. Plaintiff is not a public figure; to the best of the knowledge of the parties, the disclosure of Plaintiff's identity would not promote any public interest;

3. The parties have heretofore taken measures to maintain the confidentiality of Plaintiff's identity and of her medical records, including records of counseling with a psychologist and treatment by a psychiatrist;

4. *Doe v. Provident Life and Accident Insurance Co*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) recognizes that there is a stigma attached to mental illness;

5. Plaintiff endeavors to maintain employment notwithstanding her diagnosis and

medical history;

      6. Defendants are aware of Plaintiff's identity and are not prejudiced by maintaining Plaintiff's anonymity in public records.

s/ *Doris J. Dabrowski*
Doris J. Dabrowski, attorney for Plaintiff
1525 Locust St., 14th floor
Philadelphia, Pa. 19102

s/ *E. Thomas Henefer*
E. Thomas Henefer, attorney for Unum
111 N. 6th St.
Reading, Pa. 19603

s/ *Joseph Kernen*
Joseph Kernen, attorney for West
1650 Market St.
Philadelphia, Pa. 19103

By the Court:

*Timothy R. Rice*
The Honorable Timothy R. Rice